# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COREY LEWIS,** : | CIVIL ACTION NO. 1:20-CV-1319 |
| : | |
| **Petitioner** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **DAUPHIN COUNTY COURT OF** : | |
| **COMMON PLEAS; JUDGE EDWARD** : | |
| **M. MARSICO JR.; 12TH DISTRICT** : | |
| **ATTORNEY'S OFFICE; ASSISTANT** : | |
| **DISTRICT ATTORNEY KRISTIE** : | |
| **FALBO; DAUPHIN COUNTY** : | |
| **PROBATION DEPARTMENT;** : | |
| **ERIC ALLEN DELP, ASSISTANT** : | |
| **PUBLIC DEFENDER; and WARDEN** : | |
| **GREGORY E. BRIGGS,** : | |
| : | |
| **Respondents** : | |

## **MEMORANDUM**

Petitioner Corey Lewis, a state prisoner presently confined at the State Correctional Institution at Albion in Albion, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his 2020 conviction in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1). When he filed the instant petition, Lewis had been convicted but not yet sentenced, and he was confined at the Dauphin County Prison in Harrisburg, Pennsylvania. Petitioner argues that his conviction is unconstitutional, citing speedy trial violations, ineffective assistance of counsel, excessive bail, and a biased trial. (See id. at 2).

At this time, the court will review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, made applicable to other habeas petitions through Rule 1(b) of those rules. See R. GOVERNING § 2254 CASES R.4, 1(b) ("The district

court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"); see also 28 U.S.C. § 2243 (providing that the court shall issue the writ "unless it appears from the application that the applicant or person detained is not entitled thereto").

For the reasons that follow, the court will dismiss the petition as it must abstain from reaching its merits pursuant to Younger v. Harris, 401 U.S. 37 (1971).

I.  **Background**

Petitioner filed the petition for writ of habeas corpus on July 26, 2020. (Doc. 1 at 6). In it, he cites only his state criminal case number and does not specify the offenses of conviction. (Id.)

Our review of the state criminal docket in petitioner's case provides additional information about his criminal proceedings. Petitioner was found guilty on February 14, 2020, of attempted criminal homicide, possession of a firearm without a license, and prohibited possession of a firearm. See Commonwealth v. Lewis, No. CP-22-CR-0002198-2018, Criminal Dkt. at 3. On August 10, 2020, however, petitioner was sentenced to a term of fifteen to thirty years for attempted criminal homicide and six to twelve years for firearms offenses, with the terms running consecutively. Id. As of the date of this memorandum, petitioner has filed neither a direct appeal nor a post-conviction review petition. See id.

II. **Discussion**

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a state detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241. "[T]hat jurisdiction must be exercised

2

sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" See Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (nonprecedential) (quoting Moore v. DeYoung, 515 F.2d 437, 445-46 (3d Cir. 1975)). Generally, a petitioner must exhaust any constitutional claims by fairly presenting them to the state courts before seeking federal habeas relief. See Baldwin v. Reese, 541 U.S. 27, 29 (2004).

"[W]here state court remedies are unexhausted, principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Tomaine v. Pennsylvania, No. 20-CV-1742, 2020 WL 6321590, at *2 (M.D. Pa. Oct. 28, 2020) (quoting Robertson v. Allegheny Cnty. Ct. of Common Pleas, No. 12-CV-1080, 2012 WL 4712034, at *3 (W.D. Pa. Aug. 22, 2012)). Abstention serves the dual purpose when state proceedings are ongoing "(1) to promote comity . . . by restricting federal courts from interfering with ongoing state judicial proceedings and (2) to restrain equity jurisdiction from operating when state courts provide adequate legal remedies for constitutional claims and there is no risk of irreparable harm." PDX N., Inc. v. Comm'n, N.J. Dep't of Labor, 98 F.3d 871, 882 (3d Cir. 2020).

The court should abstain under Younger v. Harris, 401 U.S. 37 (1971), when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quotation omitted). If these requirements are satisfied,

3

the court should abstain unless the petitioner demonstrates that the state proceedings are motivated by bad faith or for purposes of harassment, or some other extraordinary circumstance exists. See Schall v. Joyce, 885 F.2d 101, 106, 107 (3d Cir. 1989). "It is well settled that these 'exceptions' to Younger must be narrowly construed." Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

In this case, when the petition was filed, Lewis's criminal proceedings were ongoing as he had not yet been sentenced, and he had the right to directly appeal his conviction and sentence. Those proceedings, of course, implicate the important state interest of ensuring the enforcement of the state's criminal laws. Petitioner had—and still has—an adequate opportunity to raise his federal claims by either filing a direct appeal[1] or by filing a petition pursuant to the Pennsylvania Post-Conviction Relief Act. The requirements for Younger abstention have been met, and this court should therefore abstain unless petitioner has demonstrated an exception. He has not done so. To be clear, Lewis has presented no extraordinary circumstances that would permit this court to exercise jurisdiction over the petition and by implication, his state criminal proceedings.

### III. Certificate of Appealability

In the instant matter, jurists of reason would not find it debatable whether this court is correct in its procedural ruling. Accordingly, no certificate of appealability shall issue.

---

[1] Although the time for filing a direct appeal may now have lapsed, petitioner could still seek to reinstate his right to appeal *nunc pro tunc*.

4

## IV. Conclusion

For the reasons set forth above, the petition will be dismissed without prejudice. An appropriate Order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:       May 18, 2021